Law Office of Rachel S. Blumenfeld PLLC
Rachel S. Blumenfeld, Esq. (1458)
26 Court Street, Suite 2220
Brooklyn, New York  11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

Shelburne Bar & Grill Inc.,                                    Chapter 11

dba The Irish Pub

                                                        Case No:      21-10014-jlg

                      Debtor.
------------------------------------------------------------X

## **DECLARATION OF EUGENE ROONEY PURSUANT TO LOCAL RULE 1007-2**

Eugene Rooney being duly sworn, deposes and says:

1.  I was a Partner of Shelburne Bar & Grill Inc., (the "Debtor") a debtor in the above-captioned case.

2.  I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### **BACKGROUND**

3.  The Debtor was in the business of operating a bar & grill and had entered into leases for the space located at 835-837 7th Avenue, New York, New York.  The Debtor, with the Landlord's consent, commenced work in December 2009 to combine 2 spaces (835-837) which work was completed on June 6, 2010.  Since completion of the combined space work, the Debtor was

unable to obtain a certificate of occupancy from the New York State Department of Buildings nor a Public Assembly Permit due to violations that were on file against the building, all of which were caused by the Landlord's work or omissions to do work to the building. Since no certificate of occupancy for the building was issued, the absence of which prevented the Debtor from obtaining a certificate of occupancy and prevented the Debtor from lawful use of the space since January of 2020. On January 9, 2020, the Debtor vacated and surrendered the premises to the Landlord by delivering the keys to the Landlord. The Landlord had overbilled the Debtor real estate tax escalations including failing to remit to the Debtor share of reductions to the real estate taxes, water and sewer and utilities for the past six years.

4. The Debtor filed this chapter 11 proceeding in order to liquidate its assets and pay back its debts. The Debtor is optimistic that by virtue of the filing of this Chapter 11 case, it will have the best chance to repay its debts in a manner that allows it to maximize the value of its assets for the benefit of all creditors.

## **INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007**

5. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

6. The Debtor has no space and is not currently operating. The Debtor had operated as a bar and grill

**Local Rule 1007-2(a)(2)**

7. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

8. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

9. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule A.**

**Local Rule 1007-2(a)(5)**

10. The Debtor has no secured creditors.

**Local Rule 1007-2(a)(6)**

11. The Debtor's assets consist of: the Debtor's liabilities and monies owed to it; and its air conditioning unit.

**Local Rule 1007-2(a)(7)**

12. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

13. None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

14. At the time of filing and since January of 2020, the Debtor has not leased any premises, nor has the Debtor operated its business.

**Local Rule 1007-2(a)(10)**

15. The Debtor's assets's consist of its security deposit held by its landlord; .credit for an outdoor cafe license and an air conditioning unit, located at the formerly leased premises 835-837 7th Avenue, New York, New York; and a lawsuit for breach of contract, et al., from the former Landlord. .

**Local Rule 1007-2(a)(11)**

16. The following actions are pending re the Debtor:

<u>Shelbourne Bar and Grill Inc. (d/b/a The Irish Pub) (Plaintiff) v. W54-7 LLC (A/S/T FGP Seventh Avenue Inc). (consolidated with case W 54-7 LLC v. Shady Lane Corp., et al)</u>
<u>150106/2020 & 1579201/2018 </u>(consolidated)  Debtor sought damages for breach of lease; breach of covenant of quiet enjoyment by Debtor being prevented from using the premises & Debtor was prevented from obtaining a valid Certificate of Occupancy and Public Assembly permit for use etc.

**Local Rule 1007-2(a)(12)**

16. The Debtor's management consisted of Eugene Rooney, the Partner of the Debtor.

## **<u>CONCLUSION</u>**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York

   January 6, 2021

                                                                              <u>  *Eugene Rooney*             </u>
                                                                              Eugene Rooney